IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY ROBERT THOMPSON,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-5491** |
| | : | |
| **PHILADELPHIA POLICE DEPT**, *et al.*, | : | |
|     **Defendants.** | : | |

## MEMORANDUM

**COSTELLO, J.**                                                                                            **NOVEMBER 25, 2024**

Plaintiff Gregory Robert Thompson filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights.  Before the Court are Thompson's Complaint (ECF No. 2) and his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1).  Thompson names the Philadelphia Police Department and two John Doe Police Officers as Defendants.  (Compl. at 2-3.)  For the following reasons, the Court will grant Thompson leave to proceed *in forma pauperis* and dismiss his Complaint upon screening pursuant to 28 U.S.C. § 1915.  Thompson may file an amended complaint.

**I.      FACTUAL ALLEGATIONS**[1]

Thompson states that on October 18, 2022, at 2:07 p.m., he was outside of his home in Philadelphia.  (Compl. at 4.)  He and a friend were talking about "all the police cars on the street."  (*Id.*)  He alleges that "after about 10 minutes[,] 2 police officers approached [him and] grabbed and put handcuffs on [him]."  (*Id.*)  When he asked them what was going on, "one of them said that [Thompson] carjacked someone."  (*Id.*)  The officers "forcefully [took him] down

---

[1]  The factual allegations set forth in this Memorandum are taken from Thompson's Complaint (ECF No. 2).  The Court adopts the pagination supplied by the CM/ECF docketing system.

the street[,] hurting [his] shoulders and lower back." (*Id.*)  He claims that "other cops" told the two officers to let him go because they "have the wrong guy; but they ignored them." (*Id.*)  When the two officers got Thompson to the corner "they finally took the handcuffs off." (*Id.*)  Thompson does not state any further facts about the incident or its conclusion.

Thompson alleges that the injuries he suffered as a result of this incident required physical therapy, "multiple injection[s]" in his right shoulder, and a surgery in August 2024.[2] (*Id.* at 5.)  "For all the harassment and false arrest," he seeks $1.5 million in damages.  (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Thompson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Thompson's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v.*

---

[2] Thompson appended numerous medical and banking records and forms of identification as Exhibits to his Complaint.  Because these records contain sensitive personal information, the Clerk of Court will be directed to limit these Exhibits to case-participant-view only.  Thompson is reminded that he must redact certain information—for example, his full social security number, bank account number, or birthdate—when submitting filings to the Court.  *See* Fed. R. Civ. P. 5.2; E.D. Pa. Local Civ. R. 5.1.3.

*United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Thompson is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

Thompson asserts constitutional claims based on alleged violations of his civil rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

    **A.   Claims Against the Philadelphia Police Department**

Thompson first names the Philadelphia Police Department as a Defendant. Following the decision in *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g.*, *Johnson v. City of Erie*,

834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under Section 1983, a police department, as a mere sub-unit of the municipality, may not.  *See id.*; *see also Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016).  Therefore, the Philadelphia Police Department is not a proper defendant in this case under Section 1983.  Any claims against the Police Department will be dismissed with prejudice.[3]

### B.   Claims Against John Doe Officers

Liberally construing the Complaint, the Court understands Thompson to be asserting constitutional claims against the two John Doe Officers for false arrest and excessive force.  He

---

[3] The Court does not construe Thompson's Complaint to allege municipal liability against the City of Philadelphia.  To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *Monell*, 436 U.S. at 694.  "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).  "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).  It is not enough, however, to allege the existence of a policy or custom.  "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Id.* (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).  This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* (quoting *Bielevicz*, 915 F.2d at 850).  Thompson makes no allegations of any municipal policy or custom.

has not pled sufficient facts to state a claim to relief on either basis.

To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483; *see also Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent plaintiff was asserting claims for false arrest, he "needed to point to facts suggesting that [the defendant] lacked probable cause to believe [plaintiff] had committed the offense for which he was arrested"); *Jenkins v. City of Philadelphia*, No. 15-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015) (dismissing false arrest, false imprisonment and malicious prosecution claims because plaintiff failed to assert a plausible claim of lack of probable cause where plaintiff, while alleging that he was twice arrested, did not have drugs in his possession, did not break the law and the police confiscated his property, "assert[ed] no other facts that would shed light on the circumstances under which he was arrested, on what the officers knew or should have known at the time of the arrest, or on any other factor that might have a bearing on the claims he attempts to raise"); *Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause" when plaintiffs simply stated that all of the allegations against them in the underlying criminal proceedings were false).

Excessive force claims arising in the context of an arrest are analyzed as invoking the protections of the Fourth Amendment, and a defendant's conduct is analyzed under an objective

5

reasonableness standard.  *Graham v. Connor,* 490 U.S. 386, 394 (1989); *Curley v. Klem,* 499 F.3d 199, 206 (3d Cir. 2007).  In *Groman v. Twp. of Manalapan*, 47 F.3d 628 (3d Cir. 1995), the United States Court of Appeals for the Third Circuit explained the elements of an excessive force claim occurring during an arrest:

> A cause of action exists under § 1983 when a law enforcement officer uses force so excessive that it violates the Fourth and Fourteenth Amendments to the United States Constitution.  *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990).  Police officers are privileged to commit a battery pursuant to a lawful arrest, but the privilege is negated by the use of excessive force.  *Edwards v. City of Phila.*, 860 F.2d 568, 572 (3d Cir.1988).
>
> When a police officer uses force to effectuate an arrest that force must be reasonable.  *Graham*, 490 U.S. at 396.  The reasonableness of the officer's use of force is measured by "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  *Id.*  The reasonableness inquiry is objective, but should give appropriate scope to the circumstances of the police action, which are often "tense, uncertain, and rapidly evolving."  *Id.* at 397.

*Groman*, 47 F.3d at 633-34.

Here, Thompson merely alleges that the two John Doe officers approached him, put him in handcuffs, accused him of a carjacking, "forcefully [took him] down the street," and then removed the handcuffs.  (Compl. at 4.)  The complete absence of details about the surrounding events renders Thompson's claims of false arrest and excessive force implausible.  The bare allegation that he sustained injuries requiring medical treatment—including a surgery nearly two years later—does not alone make his claim plausible.[4]  These claims will be dismissed without prejudice, and Thompson will be granted leave to amend them.

---

[4] The Court notes again that Thompson has filed numerous exhibits, including medical records and various descriptions of interactions with the police dating back as far as 1981.  (*See generally* ECF No. 2-1.)  He has also submitted video evidence to the Court.  (*See* ECF No. 4.)  It is not entirely clear how all of these exhibits relate to his claims, and the exhibits cannot satisfy the requirement that Thompson include factual allegations in his Complaint to support his

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Thompson leave to proceed *in forma pauperis*. The Court will dismiss the Complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Thompson may file an amended complaint. An appropriate Order, which contains more information about amendment, follows.

BY THE COURT:

_____
**MARY KAY COSTELLO, J.**

---

claims. Although the Court may consider exhibits attached to a *pro se* plaintiff's complaint in conducting a statutory screening under 28 U.S.C. § 1915(e)(2)(B), *see Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008) (citations omitted), a plaintiff may not state a claim by relying *solely* on exhibits, *see Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *see also Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint.").