IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY ROBERT THOMPSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-5491 |
| | : | |
| PHILADELPHIA POLICE DEPT, *et al.*, | : | |
|     Defendants. | : | |

### MEMORANDUM

**COSTELLO, J.**                                                                                                    **JANUARY 15, 2025**

Plaintiff Gregory Robert Thompson filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights. (*See* ECF No. 2.) In a prior Memorandum and Order, the Court granted Thompson leave to proceed *in forma pauperis*, dismissed his Complaint, and granted him leave to amend. (*See* ECF Nos. 6, 7.) Currently before the Court is Thompson's Amended Complaint (ECF No. 8), in which Thompson names attorney Kenneth S. Saffren and two John Doe Police Officers as Defendants. (Am. Compl. at 2-3.) For the following reasons, the Court will dismiss his Amended Complaint upon screening pursuant to 28 U.S.C. § 1915 and grant him a final opportunity to amend.

**I.   FACTUAL ALLEGATIONS**[1]

Thompson states that on October 18, 2022, at 2:06 p.m., he was in front of 5517 Regent Street in Philadelphia talking to Martin Reed when two police officers approached him. (Compl. at 5.) The "Officer on [his] left thought [his] cellphone was a weapon," the two officers grabbed him, and the officers "twisted [his] arms to handcuff [him]." (*Id.*) The officers then "walk[ed

---

[1] The factual allegations set forth in this Memorandum are taken from Thompson's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system.

him] back to the corner." (*Id.*)  One officer stopped to pick up Thompson's cellphone that had fallen out of his jacket, while the other continued walking him down the street.  (*Id.*)  He claims that two neighbors and "5-8 police officers" nearby were "hollering to both Officer[s] that you got the wrong person[,] which they ignored." (*Id.*)  Thompson does not state any further facts.  He claims that because of this incident he received "a small tear 9mm by 15 mm by 2 mm" in his shoulder, which required "surgery on August 6[,] 2024 after multiple injections and therapy." (*Id*. at 6.)  He further claims that "Attorney Kenneth S. Saffren waited until 9 days before the statute of limitations was up to tell [him] that he would not be representing [him]," and that Saffren "has all the names of the Officers involved[,] which [Thompson] requested and ha[s] yet to receive." (*Id.* at 4.)  Thompson seeks $350,000 in damages.  (*Id*. at 6.)

II.     **STANDARD OF REVIEW**

The Court granted Thompson leave to proceed *in forma pauperis* in a prior order.  (ECF No. 7.)  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Thompson's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197

(3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Thompson is proceeding *pro se*, the Court construes his allegations liberally and will "apply the relevant legal principle even when the complaint has failed to name it."  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."  *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought.  Fed. R. Civ. P. 8(a).  In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  The important consideration for the Court is whether a complaint "presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* at 94.

Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte").

**III.    DISCUSSION**

Thompson asserts constitutional claims based on alleged violations of his civil rights.

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against Attorney Kenneth Saffren

Thompson cannot state a federal constitutional claim under § 1983 against private attorney Kenneth S. Saffren, because Saffren is not a state actor. Whether a defendant is acting under color of state law—*i.e.*, whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Courts have consistently held that law firms and legal aid societies are not state actors for purposes of § 1983. *See Coulter v. Allegheny Cnty. Bar Ass'n*, 496 F. App'x 167, 169 (3d Cir. 2012) (holding that an attorney, his law firm, the Pennsylvania Bar Association, the Allegheny County Bar Association, and individual association members were not state actors for purposes of Section 1983); *Manko v. Steinhardt*, No. 11-5430, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) ("[P]rivate attorneys and law firms . . . do not act under color of state

4

law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law."); *Whitson v. Metro. St. Louis Sewer Dist.*, No. 11-2217, 2011 WL 13189843, at *1 (E.D. Mo. Dec. 27, 2011), *aff'd,* 470 F. App'x 525 (8th Cir. 2012) (law firm not state actor for purposes of 42 U.S.C. § 1983). Accordingly, any federal constitutional claim Thompson attempts to bring against Saffren will be dismissed.

To the extent that Thompson intended to bring state-law claims against Saffren, he has not pled an independent basis for this Court's jurisdiction over those claims.[2] District courts may exercise jurisdiction over claims arising under state law if the suit is between "citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "complete diversity between all plaintiffs and all defendants," which means that "unless there is some other basis for jurisdiction, no plaintiff may be a citizen of the same state as any defendant." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (cleaned up). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met).

Thompson states that he and Saffren are both residents of Pennsylvania. (*See* Am. Compl. at 3-4.) Since the parties are not diverse, Thompson cannot meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law claims he may be

---

[2] Because all of Thompson's federal claims will be dismissed as outlined in this Memorandum, the Court will not exercise supplemental jurisdiction over any state law claims.

raising.  Accordingly, any state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

   **B.**  **Claims Against John Doe Officers**

   The Court understands Thompson to be asserting constitutional claims against the two John Doe Officers for false arrest and excessive force.  However, he still has not pled sufficient facts to state a claim to relief on either basis.  The Court explained the elements of both claims to Thompson in a prior memorandum dismissing the original Complaint.  *See Thompson v. Phila. Police Dep't*, No. 24-5491, 2024 WL 4882650, at *3 (E.D. Pa. Nov. 25, 2024), ECF No. 6 at 4-6.  Thompson's Amended Complaint contains even fewer facts than his original Complaint.  (*Compare* ECF No. 8, *with* ECF No. 2.)  Throughout the Amended Complaint, he repeatedly refers to video exhibits that he filed with the Court.  (*See* Am. Compl. at 4, 5; *see also* ECF No. 4.)  As the Court explained in the prior memorandum, exhibits alone cannot satisfy the requirement that Thompson include factual allegations in his Complaint to support his claims. *See Thompson*, 2024 WL 4882650, at *4 n.4.  Although the Court may consider exhibits attached to a *pro se* plaintiff's complaint in conducting a statutory screening under 28 U.S.C. § 1915(e)(2)(B), *see Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008) (citations omitted), a plaintiff may not state a claim by relying *solely* on exhibits, *see Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *see also Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits

6

appended to the complaint.").

Thompson states that his claims arise from facts "as shown in the vidio [sic]" and only identifies the John Doe Officers as being "on [his] left" and "on [his] right in the vidio [sic]." (Am. Compl. at 4-5.)  He alleges only that one of the officers thought Thompson's cellphone was a weapon, so they seized him, handcuffed him, and walked him from one place to another.  (*Id.* at 5.)  These references to exhibits and sparse allegations are not enough to plead a factual basis for his claims.  Accordingly, claims against the John Doe Officers will again be dismissed without prejudice, and Thompson will be granted leave to amend them.  *See, e.g., Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting [defendant] lacked probable cause to believe he had committed the offense for which he was arrested"); *Jenkins v. City of Philadelphia*, No. 15-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims because plaintiff failed to assert plausible claim of lack of probable cause where plaintiff, while alleging he was twice arrested, did not have drugs in his possession, did not break the law, and police confiscated his property, "assert[ed] no other facts that would shed light on the circumstances under which he was arrested, on what the officers knew or should have known at the time of the arrest, or on any other factor that might have a bearing on the claims he attempts to raise").

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the Amended Complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Keeping in mind Thompson's *pro se* status, the Court will grant him another opportunity to develop his

allegations by explaining in a second amended complaint the "who, what, where, when and why" of his claims.  *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).  An appropriate Order, which contains more information about amendment, follows.

          **BY THE COURT:**

          */s/ Mary Kay Costello*
          _____
          **MARY KAY COSTELLO, J.**