IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY ROBERT THOMPSON,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-5491 |
| | : | |
| **PHILADELPHIA POLICE DEPT,** *et al.*, | : | |
|     **Defendants.** | : | |

## ORDER

AND NOW, this 15th day of January, 2025, upon consideration of Plaintiff Gregory Robert Thompson's *pro se* Amended Complaint (ECF No. 8), it is **ORDERED** that:

1. The Amended Complaint is **DISMISSED** for the reasons stated in the Court's Memorandum, as follows:

    a. Thompson's claims against the two John Doe Police Officers are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

    b. Thompson's federal claims against Kenneth S. Saffren are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to § 1915(e)(2)(B)(ii); and

    c. Thompson's state-law claims against Saffren are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. Thompson may file a second amended complaint within thirty (30) days of the date of this Order. Any second amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Thompson's claims against each defendant. The second amended

complaint must also provide as much identifying information for the defendants as possible, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number. Thompson may refer to a defendant by last name only if that is the only identifying information possessed. If Thompson wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc. Without the name of at least one individual or entity, however, the Court may be unable to direct service of any second amended complaint that Thompson may file. Physical descriptions of the Defendants may also serve as identifying information for John Doe Defendants. **The second amended complaint shall be a complete document that does not rely on any other documents or exhibits filed in this case to state a claim**. When drafting his second amended complaint, Thompson should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum.

3. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

4. The Clerk of Court is **DIRECTED** to send Thompson a blank copy of the Court's form complaint for a non-prisoner filing a civil rights action bearing the above civil action number. Thompson may use this form to file his amended complaint if he chooses to do so.

5. If Thompson does not wish to file a second amended complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an

appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6.    If Thompson fails to file any response to this Order, the Court will conclude that Thompson intends to stand on his Amended Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

_____
**MARY KAY COSTELLO, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).